IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JASON TUCKER, | : | Case No. 3:25-cv-60 |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | Judge Michael J. Newman |
| | : | Magistrate Judge Chelsey M. Vascura |
| | : | |
| TIM SHOOP, WARDEN, | : | |
| CHILLICOTHE | : | |
| CORRECTIONAL | : | |
| INSTITUTION, | : | |
| | : | |
| Respondent. | | |

# ORDER

This is an action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. Petitioner seeks release from confinement imposed as part of the judgment of a state court in a criminal action in Clark County, Ohio. The case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and the Court's General Order 22-05.

On March 6, 2025, Petitioner filed his initial habeas Petition. (Doc.1). But Petitioner failed to include a civil cover sheet, pay the $5 filing fee, or file a motion for leave to proceed in forma pauperis, causing a Notice of Deficiency to issue. (Doc. 2). On March 17, 2025, Petitioner paid the $5 filing fee *and* filed an Amended Petition. (Doc. 3). Then, on April 2, 2025, Petitioner filed *another* Amended Petition, and this time included the required civil cover sheet. (Doc. 5). The Court thus has three Petitions

before it.

A petition for habeas corpus may be amended pursuant to the Federal Rules of Civil Procedure. 28 U.S.C. § 2242; see also Rule 12, Rules Governing Section 2254 Cases in the United States District Courts. Under Fed. R. Civ. P. 15(a)(1), a party may amend a pleading once as a matter of course within 21 days of serving it or within 21 days after service of a responsive pleading. Further, Fed. R. Civ. P. 15(a)(2) provides that leave to amend shall be freely given "when justice so requires." The Court additionally reviews any proposed amendments in light of the Sixth Circuit's "liberal policy of permitting amendments to insure the determination of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) (citation omitted). The factors that may justify denying a motion to amend include undue delay, bad faith or dilatory motive, futility of amendment, undue prejudice to the opposing party, *and* whether the petitioner has previously amended. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998).

A responsive pleading has not yet been filed in this case. But because Petitioner already amended his initial Petition (Doc. 1) once as a matter of course (Doc. 3), he requires leave of the Court for any further amendments. The Court construes his second attempted amendment (Doc. 5) as a request for that leave. Because none of the *Foman* factors militate against amendment, given the early stages of this case, and considering the liberal policy of permitting amendments, Petitioner's motion to amend (Doc. 5) is **GRANTED. The Court understands the most recently filed Petition (Doc. 5) to be**

2

**the operative Petition.**

This matter is currently before the undersigned for preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Upon preliminary review, the undersigned finds that it does not plainly appear from the face of the Petition and publicly available records that Petitioner is not entitled to relief in this Court. Accordingly, it is hereby **ORDERED** that Respondent shall file an answer conforming to the requirements of Rule 5 of the Rules Governing § 2254 Cases within **sixty (60) days** of the date of the filing of this Order. Specifically, said answer shall respond to each allegation made in the Petition, raise any affirmative defense relied on by Respondent, and state whether, from Respondent's perspective, any claim in the Petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations.

Before filing the answer, Respondent shall file those portions of the state court record needed to adjudicate this case. When the record is filed electronically, the Court's CM/ECF filing system will affix a unique PageID number to each page of the record, displayed in the upper right-hand corner of the page. All papers filed in the case thereafter by either party shall include record references to the PageID number. Prior to filing the state court record, the Warden's counsel shall ensure that any borders on parts of the record (typically, court reporter transcripts) do not obscure the PageID number when the page is filed. The record shall be indexed by insertion of "bookmarks" in the .pdf version of the state court record uploaded to the Court's CM/ECF system, which

displays each exhibit and the name of that exhibit in the record.

As required by Fed. R. Civ. P. 5, a complete copy of the answer and state court record with the PageID numbers must be served on Petitioner at the time of filings.

Petitioner may, not later than **twenty-one (21) days** after the answer is filed, file and serve a reply to the answer.

The Clerk is ordered to serve the **Petition, as amended, (Doc. 5)**, on Respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section c/o  Brian.Higgins@OhioAGO.gov and Habeas.docketclerk@OhioAGO.gov.

**IT IS SO ORDERED.**

April 9, 2025                                           */s/ Chelsey M. Vascura*
                                                        Chelsey M. Vascura
                                                        United States Magistrate Judge

4