**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JASON TUCKER,

                Petitioner,

                                    **Case No. 3:25-cv-60**

v.

WARDEN, Chillicothe Correctional,      **Judge Michael J. Newman**
Institution,                           **Magistrate Judge Chelsey M. Vascura**

                Respondent.

## ORDER and REPORT AND RECOMMENDATIONS

Petitioner, Jason Tucker, an inmate in state custody at the Chillicothe Correctional Institution, has pending before this Court a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Petition (Doc. 5), the state-court record (Doc. 14), Respondent's Return of Writ (Doc. 15), and Petitioner's Reply (Doc. 18). Also before the Court are Petitioner's Motion to Expand the Record (Doc. 18) and Respondent's Response in Opposition (Doc. 19). For the following reasons, Petitioner's Motion to Expand the Record is **DENIED**, and it is **RECOMMENDED** that Petitioner's claims be **DENIED** and this action **DISMISSED**.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

**Trial**

Petitioner challenges his Clark County conviction and sentence for operating a motor vehicle while under the influence of alcohol or drugs (OVI) in violation of R.C. § 4511.19(A)(2), and an accompanying repeat OVI offender specification under R.C. § 2941.1413. The background and procedural history underlying the state-court judgment against Petitioner were

set forth by the Court of Appeals for the Second Appellate District as follows:

{¶ 2}  On May 3, 2020, Trooper Justin Picklesimon observed Tucker make a right-hand turn at an intersection in Springfield. During the turn, Tucker's white Mercury crossed the yellow center line and traveled on the wrong side of the road before returning to its proper side. After observing the vehicle cross the center line twice more, the trooper initiated a traffic stop. Based on Tucker's appearance and behavior, an open container of beer in the car, and a strong odor of alcohol emanating from Tucker, the trooper decided to have Tucker submit to field sobriety tests. The trooper concluded that Tucker was impaired. When asked, Tucker refused to submit to a chemical test.

{¶ 3}  Tucker was originally indicted on two counts of OVI – violations of R.C. 4511.19(A)(1)(a) and R.C. 4511.19(a)(2) – in Clark C.P. No. 20 CR 459. The charges alleged that Tucker had two prior felony OVI convictions. A specification under R.C. 2941.1413 further alleged that Tucker had seven prior OVI convictions. In April 2021, Tucker was reindicted in Clark C.P. No. 21 CR 213, and the prior case was dismissed. All filings were transferred in the new case.

{¶ 4}  A jury trial was scheduled for May 5, 2021. That morning, Tucker filed a joint motion to bifurcate and in limine, asking the trial court to: (1) if Tucker were found guilty of an OVI, determine the existence of any prior OVI convictions alleged in the indictment; and (2) prohibit the State from commenting on or eliciting testimony regarding any prior OVI convictions. Tucker argued that his prior OVI convictions were Evid.R. 404(B) evidence, the probative value of which was outweighed by a danger of unfair prejudice. The trial court addressed the issue prior to commencing the trial. According to defense counsel, Tucker agreed to stipulate to a prior felony conviction in either Clark C.P. No. 13 CR 229 or Clark C.P. No. 18 CR 286, and the trial court "then ruled that the court would determine the existence of any OVI convictions alleged in the specifications outside the presence of the jury if defendant were convicted of OVI." Def.'s July 19, 2021 Motion.

{¶ 5}  After addressing the legal issues, the court allowed Tucker time to speak with his attorney and indicated that trial would begin at 10:15 a.m. When that time came, defense counsel informed the trial court that he could not locate Tucker and that Tucker may have left the courthouse. After a short wait, the court discharged the jurors and issued a capias for Tucker's arrest. Tucker returned a short time later and was taken into custody.

{¶ 6}  On June 7, 2021, the State filed a superseding indictment in this case (Clark C.P. No. 21 CR 352), and Case No. 21 CR 213 was dismissed. Again, the prior filings were transferred into the new case. The June 7, 2021 indictment

charged Tucker with four OVI felonies: (1) a violation of R.C. 4511.19(A)(1)(a) with three prior felony OVI convictions, a third-degree felony; (2) a violation of R.C. 4511.19(A)(2) with three prior felony OVI convictions, a third-degree felony; (3) a violation of R.C. 4511.19(A)(1)(a) with five or more prior convictions within 20 years, a fourth-degree felony; and (4) a violation of R.C. 4511.19(A)(2) with five or more prior convictions within 20 years, a fourth-degree felony. Each offense included a specification under R.C. 2941.1413; eight prior convictions were identified.

{¶ 7}  The trial was rescheduled for July 28, 2021. Shortly before that trial date, Tucker filed a motion to dismiss Counts 3 and 4, characterizing those charges as an attempt by the State to circumvent the court's prior ruling about his OVI convictions and to get the prior convictions before the jury. Tucker also renewed his motion to bifurcate and in limine. In response, the State asked the trial court to reconsider its prior ruling. Tucker opposed the State's request and asked, as an alternative to the dismissal of Counts 3 and 4, that the trial court order Counts 1 and 2 to be tried separately from Counts 3 and 4.

{¶ 8}  On July 28, 2021, the trial court overruled the State's motion for reconsideration, reasoning that the prior convictions in the specification did not elevate the degree of the offense and, therefore, were not essential elements of the offense. The court ordered that the prior convictions in the specifications not be presented to the jury. If Tucker were convicted of OVI, the evidence of his prior convictions could be presented to the court at sentencing. The court further ruled that the State could present evidence of Tucker's prior felony convictions in Counts 1 and 2, as they enhanced the degree of the offense to a third-degree felony. However, if Tucker stipulated to one of the felony convictions, the State would be prohibited from presenting evidence of the remaining two felony convictions to the jury. If Tucker did not stipulate to a prior felony conviction, the State could present evidence of all three felony convictions. The court overruled the motion to dismiss Counts 3 and 4, but it granted Tucker's motion for a separate trial on those counts. During the trial on those charges, the State would be permitted to present evidence of all prior OVI convictions that elevated the OVI offense to a fourth-degree felony.

{¶ 9}  Tucker did not appear for the July 2021 trial, and it was again rescheduled.

{¶ 10}  A two-day jury trial on Counts 1 and 2 began on September 28, 2021; the trial on Counts 3 and 4 was deferred. As a preliminary matter, defense counsel asked the trial court to preclude the State from offering a letter Tucker had recently sent to the prosecutor about the case. The trial court overruled defense counsel's motion. The State then presented the testimony of three state troopers, an investigator with the prosecutor's office, and a deputy with the Clark

3

County Sheriff's Office, as well as four exhibits. Tucker rested without calling any witnesses. After deliberating, the jury found Tucker guilty of both OVI counts.

{¶ 11}  Shortly after discharging the jury, the trial court heard evidence regarding the specifications. Trooper Picklesimon identified a certified BMV record (State's Ex. 5) and certified copies of the judgment entries of Tucker's prior OVI convictions (State's Ex. 2, 6-12). The trial court admitted the exhibits over defense counsel's objections and found Tucker guilty of both specifications.

{¶ 12}  Before imposing sentence, the trial court merged the two offenses, and the State elected to proceed on Count 2. The court sentenced Tucker to 36 months in prison for the OVI refusal offense plus five years for the specification, to be served consecutively. The trial court ordered Tucker to complete a drug and alcohol program and to pay a $10,500 fine. Tucker's driver's license was suspended for life.

{¶ 13}  Tucker initially appealed his conviction in *State v. Tucker*, 2d Dist. Clark No. 21 CA 51. However, on September 29, 2022, we dismissed his appeal for lack of a final appealable order. Although the trial court's sentencing entry had resolved Counts 1 and 2, it failed to dispose of Counts 3 and 4. Shortly after we rendered our decision and final judgment entry, the State dismissed Counts 3 and 4. Tucker then filed the instant appeal.

{¶ 14}  Tucker now raises five assignments of error. We will address them in an order that facilitates our analysis.

(Doc. 14, at 350-54).

### Direct Appeal

Following the trial court's issuance on remand of a final appealable order, Petitioner filed

a *pro se* Notice of Appeal on October 27, 2022. (Doc. 14, at 304). Subsequently, and represented

by counsel,[1] Petitioner filed an appellate brief in the Court of Appeals for the Second Appellate

District on April 4, 2023, raising the following assignments of error:

I:  The trial court abused its discretion in allowing Trooper Picklesimon to testify

---

[1]  Petitioner was represented by one attorney in his initial direct appeal that was dismissed when the case was remanded and a different attorney in his direct appeal from the corrected judgment.

4

as to his opinion as to whether Mr. Tucker was driving under the influence of alcohol.

II.  The trial court abused its discretion in admitting into evidence Mr. Tucker's letter to the Prosecutor.

III.  The trial court abused its discretion in admitting records relating to Mr. Tucker's prior OVI convictions.

IV.  Mr. Tucker's convictions were not supported by sufficient evidence.

V.  Mr. Tucker's convictions were against the manifest weight of the evidence.

(Doc. 14, at 312). On August 18, 2023, the state appellate court issued an Opinion overruling

Petitioner's assignments of error and affirming the judgment against him. (*Id*. at 349-73).

On September 19, 2023, Petitioner, proceeding *pro se*, filed a notice of appeal in the

Supreme Court of Ohio. (*Id*. at 378-79). In his *pro se* Memorandum in Support of Jurisdiction,

Petitioner raised the following propositions of law:

I.  The Appellant's specifications were unsupported and the conviction obtained by insufficient evidence, violating his right to due process and a fair trial found in the Sixth and Fourteenth Amendments to the United States Constitution.

(*Id*. at 380-88). In the appendix, he included a copy of the state appellate court's decision,

annotated with handwritten notes. (*Id*. at 389-416). On December 12, 2023, The Supreme Court

of Ohio issued an Entry declining to accept jurisdiction over Petitioner's appeal. (*Id*. at 417).

## II.  FEDERAL HABEAS CORPUS

On April 2, 2025, Petitioner, proceeding *pro se*, filed the instant federal habeas corpus

petition ("Petition") in this Court. (Doc. 5).[2]  Petitioner raises the following grounds for relief:

**Ground One:**  Insufficient Evidence.

---

[2]  Petitioner filed his initial petition on March 6, 2025 (Doc. 1), and several amended petitions after that in an effort to remedy certain deficiencies (Docs. 3, 5, and 7). The Court's April 15, 2025 Order deemed Doc. 5 to be the operative Petition. (Doc. 8).

**Ground Two:**  The Trial Court Abused Their Discretion.

**Ground Three:**  Fast & Speedy Trial, Equal Protection, Fundamental Fairness & Due Process Which Violate Amendments 5, 6, & 14.

(Doc. 5, at 144-53).

### Standard of Review

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). In order to satisfy the fair presentment requirement, the claims asserted in the federal habeas petition must be based on the same facts and same legal theories that were presented to the state courts. *Carter v. Mitchell*, 693 F.3d 555, 568 (6th Cir. 2012) (citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998)). Moreover, a claim is deemed fairly presented only if the petitioner presented his constitutional claims for relief to the state's highest court for consideration. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). If the petitioner fails to fairly present his constitutional claims through the requisite levels of state appellate review to the state's highest court, or violates some other procedural rule that prevents a merit-based review of the federal claims by the state's highest court, then the petitioner may have forfeited the ability to have those claims reviewed in federal habeas corpus. *See O'Sullivan*, 526 U.S. at 847-48; *Harris v. Reed*, 489 U.S. 255, 260-62 (1989);

6

*McBee v. Grant*, 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir. 1989).

Under the procedural default doctrine, a federal habeas court may be barred from considering a claimed federal constitutional error stemming from a state-court judgment if the judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *See Harris*, 489 U.S. at 260-62. The Supreme Court has stated:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *id*. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something to preserve the issue for appellate review. *U.S. v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

The Sixth Circuit employs a three-prong test, which was initially established in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), to determine if a claim is subject to procedural default:

> First, the court must determine that there is state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

7

*Hoffner v. Bradshaw*, 622 F.3d 487, 495 (6th Cir. 2010) (quoting *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001) (in turn quoting *Maupin*)); *see also Johnson v. Bradshaw*, 493 F. App'x 666, 669 (6th Cir. 2012). Under *Maupin* and as discussed above, if the three prerequisites are met for finding that a claim is subject to procedural default, federal habeas corpus review is precluded unless the petitioner can demonstrate either cause for and prejudice from the procedural default or that failure to consider the defaulted claim will result in a "fundamental miscarriage of justice." *Hoffner*, 622 F.3d at 495 (citations omitted); *Johnson*, 493 F. App'x at 669.  *See also Coleman*, 501 U.S. at 750; *Harris*, 489 U.S. at 262; *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

The applicable standard of review governing the adjudication of constitutional issues raised by a petitioner is set forth in 28 U.S.C. § 2254(d). Under the that provision, a federal court shall not issue a writ of habeas corpus on a claim that the state courts adjudicated on the merits unless the state-court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). Section 2254(d)(1) circumscribes a federal court's review of claimed legal errors, while § 2254(d)(2) places restrictions on a federal court's review of claimed factual errors.

Under § 2254(d)(1), a state-court decision is "contrary to" Supreme Court precedent "when the state court confronts facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from its precedent" or "when the

8

state court 'applies a rule that contradicts the governing law set forth in' Supreme Court cases." *Williams v. Coyle*, 260 F.3d 684, 699 (6th Cir. 2001) (quoting *Williams v. Taylor*, 529 U.S. 362, 406-07 (2000)). A state-court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct legal principle from the decisions of the Supreme Court but unreasonably applies that principle to the facts of the petitioner's case. *Williams v. Coyle*, 260 F.3d at 699. A federal habeas court may not find a state adjudication to be "unreasonable" simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  *England v. Hart*, 970 F.3d 698, 710 (6th Cir. 2020). Rather, to be deemed unreasonable, "the state court's ruling . . . [must be] so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

The Supreme Court has made clear that in assessing the merits of a constitutional claim under § 2254(d)(1), the federal habeas court must apply the Supreme Court precedents that controlled at the time of the last state-court adjudication on the merits, as opposed to when the conviction became "final." *Greene v. Fisher*, 565 U.S. 34, 38 (2011); *cf. Otte v. Houk*, 654 F.3d 594, 600 (6th Cir. 2011) (citing *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003)) (in evaluating the merits of a claim addressed by the state court, the federal habeas court must "look to Supreme Court cases already decided at the time the state court made its decision"). Decisions by lower courts are relevant "to the extent [they] already reviewed and interpreted the relevant Supreme Court case law to determine whether a legal principle or right had been clearly established by the Supreme Court." *Otte*, 654 F.3d at 600 (quoting *Landrum v. Mitchell*, 625

9

F.3d 905, 914 (6th Cir. 2010)). The writ may issue only if the application of clearly established federal law is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee v. Yukins*, 229 F.3d 506, 510 (6th Cir. 2000) (citing *Williams*, 529 U.S. at 412).

Further, § 2254(d)(2) prohibits a federal court from granting an application for habeas relief on a claim that the state courts adjudicated on the merits unless the state-court adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). In this regard, § 2254(e)(1) provides that the findings of fact of a state court are presumed to be correct and that a petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.

Finally, the Supreme Court has clarified that in making the § 2254(d) "reasonableness" determination, a federal court in habeas corpus must confine its review to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

**Analysis**

**A. Ground One – Insufficiency of the Evidence**

Petitioner argues in his first ground for relief that the trial court erred in sentencing Petitioner to the maximum consecutive sentences "because the state failed to establish beyond a reasonable doubt the prior OVI convictions as elements of the alleged crimes." (Doc. 5, at 147). Specifically, Petitioner argues that state exhibits 7, 10, 11, and 12 included Petitioner's name, Jason T. Tucker, but failed to include Petitioner's date of birth or social security number.

Petitioner also argues that exhibit 2 was not included in the BMV report; that exhibit 6 listed a section of the Ohio Revised Code that was not an OVI offense and also was not included in the BMV report; and that exhibit 8 did not name an offense. Finally, Petitioner also challenges the fact that these exhibits were never presented to the jury.

Respondent argues that Petitioner's claim does not warrant habeas corpus relief because the evidence produced by the prosecution comported with Ohio law and because the state appellate court's decision rejecting this claim on direct appeal was not unreasonable. (Doc. 15, at 790-92).

Review of a sufficiency of the evidence challenge is governed by *Jackson v. Virginia*, 443 U.S. 307 (1979). There, the Supreme Court held that, because the Due Process Clause requires the State to prove beyond a reasonable doubt every fact necessary to establish the charged offense, "the relevant question" in assessing the sufficiency of the evidence "is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 319 (emphasis in original).

The *Jackson* standard does not require the State to rule out every hypothesis except that of guilt beyond a reasonable doubt. *Id*. at 326. Rather, "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution and must defer to that resolution." *Id*.; *see also Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983). It is the province of the trier of fact to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from the evidence. *Jackson*, 443 U.S. at

11

319. It is therefore not for a reviewing court to substitute its judgment on those matters for that of the trier of fact. *See Id*. at 318-19; *see also U.S. v. Fisher*, 648 F.3d 442, 450 (6th Cir. 2011) (citing *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009)).

Notably, federal habeas review of a claim challenging the sufficiency of the evidence is even further limited. As the Sixth Circuit in *Brown* explained, a federal habeas court is "bound by two layers of deference to groups who might view facts differently than [the habeas court] would." *Brown*, 567 F.3d at 205. A federal habeas court must defer not only to the trier of fact's findings, as required by *Jackson*, but also "to the *state appellate court's* sufficiency determination as long as it is not unreasonable[,]" as required by 28 U.S.C. § 2254(d). *Id*. (emphasis in original); *see also Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011). The Sixth Circuit underscored:

> [W]e cannot rely simply upon our own personal conceptions of what evidentiary showings would be sufficient to convince us of the petitioner's guilt. We cannot even inquire whether *any* rational trier of fact would conclude that petitioner … is guilty of the offenses for which he was charged. Instead, we must determine whether the Ohio Court of Appeals itself was unreasonable in *its* conclusion that a rational trier of fact could find [the petitioner] guilty beyond a reasonable doubt based on the evidence introduced at trial.

*Brown*, 567 F.3d at 205 (emphasis in original).

Here, the Ohio Court of Appeals for the Fifth Appellate District was the only state court to issue a reasoned decision addressing the merits of Petitioner's claim challenging the sufficiency of the evidence of his prior OVI convictions that established the repeat offender specification.[3] As to Petitioner's specific challenge to the competency of the evidence of his

---

3   The state appellate court also addressed Petitioner's challenge to the manifest weight of the evidence, which is a state law claim that Petitioner does not raise, and could not be considered, in this federal habeas action.

12

prior OVI convictions, the state appellate court concluded:

> {¶ 33} Tucker further challenges the trial court's conclusion that he had five or more prior OVI offenses within 20 years of the May 3, 2020 offense. The State offered a certified BMV report, highlighting six prior OVI convictions between 2006 and 2013. It also presented certified copies of judgment entries that corresponded to those OVI offenses. In addition, the State offered the judgment entries from Clark C.P. No. 18-CR-286 (State's Ex. 2) and Clark C.P. No. 13-CR-229 (State's Ex. 6), both felony OVI convictions that were not included in the BMV report. Upon review of the evidence, the trial court reasonably found Tucker guilty of the specification attached to his offense.

> \*\*\*

> {¶ 59} In his third assignment of error, Tucker claims that the trial court erred in admitting evidence of his prior convictions at the bench trial on the repeat OVI offender specification. He argues that, due to various deficiencies in the judgment entries, the State did not establish that they were relevant.

> {¶ 60} At trial, defense counsel objected to: (1) State's Exhibit 2 on the ground that it was not listed on the certified BMV report; (2) State's Exhibit 6 because the Ohio Revised Code section on the judgment entry was not an OVI offense and the conviction was not on the BMV report; (3) State's Exhibits 7, 10, 11, and 12 on the ground that the judgment entries did not include the defendant's date of birth or Social Security number; and (4) State's Exhibit 8 because the judgment entry did not name the offense. The trial court overruled defense counsel's objections but indicated that it would consider counsel's arguments in determining whether the prior offenses had been proven.

> {¶ 61} R.C. 2945.75(B) addresses proof of prior convictions. It states: (B)(1) Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction. (2) Whenever in any case it is necessary to prove a prior conviction of an offense for which the registrar of motor vehicles maintains a record, a certified copy of the record that shows the name, date of birth, and social security number of the accused is prima-facie evidence of the identity of the accused and prima-facie evidence of all prior convictions shown on the record. The accused may offer evidence to rebut the prima-facie evidence of the accused's identity and the evidence of prior convictions. Proof of a prior conviction of an offense for which the registrar maintains a record may also be proved as provided in division (B)(1) of this section. (3) If the defendant claims a constitutional defect by a preponderance of the evidence.

13

{¶ 62} The Ohio Supreme Court has set the criteria for when a judgment of conviction is a final order. In *State v. Lester*, 130 Ohio st.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, the supreme court held that "[a] judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *Id*. at the syllabus.

{¶ 63} Applying R.C. 2945.75(B), we find no error in the trial court's admission of the State's exhibits concerning Tucker's prior convictions. State's Exhibit 5 was a certified BMV report, which included Tucker's name, date of birth, address, and Social Security number. Trooper Picklesimon testified that the identifying information on the BMV report matched what he had for Tucker for the OVI stop on May 3, 2020. The BMV report enumerated several prior convictions within 20 years of the May 3, 2020 offense, including convictions for OVI offenses in Greene C.P. No. 12-CR-279; Clark M.C. No. 12 TRC 14681; Clark M.C. No. 12 TRC 13817; Madison M.C. No. TRC 1001599A; Washington C.H. M.C. No. TRC 0803819; and Washington C.H. M.C. No. TRC 060220. Under R.C. 2954.75(b)(2), the State was permitted to offer the BMV report as prima facie evidence that Tucker had these prior convictions. *Accord State v. Nelson*, 10th Dist. Franklin No. 19AP-548, 2020-Ohio-4657, ¶ 17 ("R.C. 2945.75(B)(2) expressly allows the state to rely on a certified copy of the accused's BMV record as prima facie evidence of prior OVI convictions."). The trial court did not err in admitting the certified BMV report.

{¶ 64} State's Exhibits 7, 10, 11, and 12 concerned four of the convictions on the BMV report. They identified the defendant as "Jason T. Tucker" but did not include Tucker's date of birth or Social Security number. Standing alone, they might not have been adequate to establish that Tucker (as opposed to another individual with the same name) was convicted in those cases. However, because the certified judgment entries in State's Exhibits 7, 10, 11, and 12 corresponded to convictions on the BMV report, the BMV report served to "identify the defendant named in the entry as the offender in the case at bat." R.C. 2954.75(B)(1). Accordingly, the trial court did not err in admitting the exhibits as relevant to whether Tucker had these four prior OVI offenses. Moreover, any error in the trial court's admission of these exhibits would have been to Tucker's benefit, as they arguably raised questions about the accuracy of the BMV report.

{¶ 65} State's Exhibit 8 also related to a conviction on the BMV report. The first page of the certified exhibit included information that identified the defendant in Case No. 12 TRC 14681 as Tucker, as confirmed by Trooper Picklesimon. It also listed five charged offenses, including two OVI violations. Pages two and three of the exhibit were certified copies of the judgment of conviction, following Tucker's guilty plea to a violation of R.C. 4511.19(A)(1)(a). State's Exhibit 8 satisfied both R.C. 2954.75(b)(1) and R.C. 2945.75(B)(2). The trial court did not

14

err in admitting this exhibit.

{¶ 66} State's Exhibit 2 was a certified copy of Tucker's judgment of conviction in Case No. 18 CR 286 for OVI, a third-degree felony. The judgment entry included the defendant's name, date of birth, and the last four digits of his Social Security number. Trooper Picklesimon testified that the identifying information on the judgment entry matched the information for Tucker. Although the conviction in Case No. 18 CR 286 was not listed on the certified BMV report (State's Exhbit 5), the State was not required to prove the OVI conviction by means of the BMV record, and the information on the judgment entry demonstrated that Tucker (and not a different individual with the same name) was the defendant in Case No. 18 CR 286. State's Exhibit 2 was properly admitted.

{¶ 67} Like State's Exhibit 2, State's Exhibit 6 was a certified judgment entry for an offense not listed on the BMV report. It also identified Tucker by name, birth date, and the last four digits of his Social Security number. State's Exhibit 6 stated, in part, that Tucker had entered a guilty plea to "operating a vehicle under the influence of alcohol and or drugs of abuse, a violation of Revised Code Section 4511.12(A)(1)(a), a felony of the fourth degree, as set forth in amended count one * * *." Although the statutory section did not correspond to the OVI statute, the trial court did not abuse its discretion in admitting the document into evidence for consideration. The incorrect statutory reference created a question of the weight to be given the exhibit, not its admissibility.

{¶ 68} Finally, we note that Tucker did not object to State's Exhibit 9, a certified copy of the judgment entry in Clark M.C. No. 12 TRC 13817 for OVI. That conviction was also listed on the certified BMV report.

{¶ 69} In short, the trial court did not abuse its discretion in admitting the State's exhibits regarding Tucker's prior OVI offenses. Tucker's third assignment of error is overruled.

(Doc. 14, at 359-60, 369-73).

Petitioner makes the same argument in this action that he made to the state appellate court—namely that the State failed to prove the repeat offender specification beyond a reasonable doubt because of deficiencies in the state's exhibits offered to prove Petitioner's prior OVI convictions. Specifically, he argues that state exhibits 7, 10, 11, and 12, offered to prove four of Petitioner's prior OVI offenses, were legally insufficient because they failed to include

15

his date of birth and his social security number. (Doc. 5, at 147). He also argues that state exhibit 2, offered to prove another OVI offense, was not included in the BMV report; that state exhibit 6 listed an Ohio Revised Code section that was not an OVI offense; and that state exhibit 8 did not name the offense. (*Id*.). Applying the double-layer deferential standard, the undersigned is convinced that the state appellate court's sufficiency determination is neither contrary to nor an unreasonable application of *Jackson* within the meaning of 28 U.S.C. § 2254(d). The Court cannot disagree with, much less find unreasonable, the state appellate court's conclusion that the exhibits, construed together and attested to by Trooper Picklesimon, satisfied Ohio's statutory requirements for constituting prima facie evidence of prior OVI convictions. Petitioner failed to offer any arguments or evidence at trial that he was not the individual named in the BMV report and/or judgment entries, or that the improperly labeled statutory section in State's Exhibit 6 was not, in fact, an entry for an OVI offense. And in challenging only the legal competency of the exhibits offered, Petitioner did not offer any arguments or caselaw challenging Ohio's statutory requirements for establishing prima facie evidence of prior OVI convictions.

Petitioner also complains that these exhibits were never presented to the jury. (Doc. 5, at 147). Petitioner does not explain, and it is not otherwise apparent to the Court, how that alleged defect implicates the competency of the exhibits or the sufficiency of the evidence. And as Respondent argues, this allegation appears to be barred by procedural default given that Petitioner never raised this issue in the state courts. (Doc. 15, at 784-85). Regardless, the reason those documents were not presented to the jury is because defense counsel requested and obtained permission to have evidence of that repeat offender specification decided by the trial court instead of the jury (presumably because defense counsel viewed them as prejudicial).

16

In sum, Petitioner's first ground for relief must be **DENIED** as insufficient to warrant habeas corpus relief under § 2254(d).

**B. Ground Two – Abuse of Discretion**

In his second ground for relief, Petitioner argues that the trial court abused its discretion in stating that any additional prison term for the third degree felony OVI *must* be 9, 12, 18, 24, or 36 months. According to Petitioner, "there is **NO** statutory provision imposing a mandatory additional sentence for a third degree felony OVI convictions underlying specification convictions." (Doc. 5, at 148 (emphasis in original)). Petitioner also appears to suggest that the trial court conflated the sentence for the underlying OVI conviction with the sentence for the repeat offender specification, although Petitioner's argument in this regard is somewhat difficult to decipher. (*Id*. at 149). Finally, Petitioner challenges the fact that (1) he was pulled over with no probable cause for any traffic violations; (2) the video "clip" of the traffic stop shown was too small for the jury to discern any details; and (3) he was administered only one of the three "necessary" field sobriety tests, which denied him the right to prove that he was not driving while impaired. (*Id*.). To the latter point, Petitioner argues that the fact that he was blind in one eye, and therefore struggled on the lone test he was given, underscores that he should have been given the opportunity to take all three tests. He argues that he was arrested without probable cause and that his case languished because the State returned three different indictments against him. He then reiterates his challenge to the sentence(s) for the underlying OVI conviction and repeat offender specification, as well as the fact that the repeat offender specification was tried only to the trial court. Finally, he states that he was satisfied with the thoroughness of his first appellate attorney's brief and complains that he was not permitted to refile that brief after the

17

Case: 3:25-cv-00060-MJN-CMV Doc #: 21 Filed: 06/29/26 Page: 18 of 24  PAGEID #: 846

trial court's failure to issue a final appealable order was remedied.

Respondent counters with several arguments. First, Respondent argues that the only claim in the Petition properly before this Court is Petitioner's challenge to the sufficiency of the evidence, because that is the only claim that Petitioner fully exhausted and preserved by presenting all the way through the direct appeal process to the Supreme Court of Ohio. (Doc. 15, at 786). Alternatively, Respondent argues that any claim asserting that the trial court violated state law in imposing Petitioner's sentence is not cognizable, because only federal constitutional claims are reviewable in federal habeas corpus unless the sentence exceeded the statutory maximum, which Petitioner's did not. (*Id*. at 793). To this point, Respondent asserts that the sentence imposed by the trial court for the third-degree felony OVI offense and prior offense specification comported with state law as determined by the Supreme Court of Ohio. (*Id*. at 793-94 (quoting *State v. South*, 42 N.E.3d 734, 737 (Ohio 2015)).

As for Petitioner's assertion that there was no probable cause for his traffic stop, Respondent points out that "federal review of Fourth Amendment issues, such as the presence of probable cause, is foreclosed in habeas proceedings." (Doc. 15, at 794 (citations omitted)). Respondent also disputes the substance of Petitioner's assertion that the Ohio State Trooper lacked probable cause to stop Petitioner. (*Id*. at 795).

Finally, Respondent argues that Petitioner's challenges to the failure to administer all three field sobriety tests, to the state indicting him three times, and to the trial court (not the jury) determining that he was a repeat OVI-offender in addressing Petitioner's third ground alleging that he was denied his right to a speedy trial, are all without merit. (Doc. 15, at 795).

The Court turns first to the sentence imposed by the trial court that Petitioner challenges

18

as an abuse of discretion. Petitioner asserts as follows:

> As to the underlying OVI convictions, any additional prison term for third degree felony OVI must be 9, 12, 18, 24, or 36 months. Petitioner points out the trial court labeled his 5-year additional prison term for underlying OVI conviction as mandatory. But there is **NO** statutory provision imposing a mandatory additional sentence for a third degree felony OVI conviction's underlying specification convictions.
>
> Rather, as noted for the underlying third degree felony OVI conviction. A trial court may impose an additional 9-36 months' definite form, which makes petitioner's sentence contrary to law. Additionally, underlying is for the OVI conviction **NOT** the specification furthering support that petitioner's sentence is contrary to law. Judges are bound by oath and duty to follow the law not make it up as they go along. This is clearly a violation of due process and an abuse of authority as well as discretion.

(Doc. 5, at 148-49).

Respondent's primary argument is that the only claim properly before this Court is the sufficiency of the evidence claim that Petitioner fully exhausted and preserved by raising it to the Supreme Court of Ohio. (Doc. 15, at 786). Respondent thus implicitly argues that every other claim raised in the Petition, including claim two, is procedurally defaulted due Petitioner's failure to include them in his direct appeal to the Supreme Court of Ohio. Respondent's argument is well taken.[4]

In Ohio, claims appearing on the face of the record must be raised on direct appeal or they will be waived under Ohio's doctrine of *res judicata*. *State v. Perry*, 10 Ohio St.2d 175 (1967). In addition to raising each claim in the appropriate forum, a habeas litigant, in order to preserve his constitutional claims for habeas review, must also present those claims to the state's

---

[4]  The Court notes that in addition to not including the component of claim two challenging the sentence imposed in his direct appeal to the Supreme Court of Ohio, Petitioner failed to present this claim to *any* state court. Although federal courts are not precluded from *sua sponte* raising a procedural default that the respondent did not raise, *see, e.g., Sheppard v.*

19

highest court. *O'Sullivan*, 526 U.S. at 848. Thus, under Ohio law, the conviction and sentence must be appealed to the Supreme Court of Ohio on direct appeal.

When Petitioner appealed the corrected final judgment to the state appellate court, he raised claims challenging the trial court's admission of certain evidence—opinion testimony by Trooper Picklesimon, a letter written by Petitioner to the prosecutor, and records relating to Petitioner's prior OVI convictions—as well as the sufficiency and manifest weight of the evidence. (Doc. 14, at 309-37). But in Petitioner's direct appeal to the Supreme Court of Ohio, Respondent is correct that the *only* claim that Petitioner presented, and therefore the only claim preserved for review by this Court, was Petitioner's claim challenging the sufficiency of the evidence, specifically the adequacy of the records offered to prove Petitioner's prior OVI convictions. (Doc. 14, at 380-88).

As noted above, fairly presenting a constitutional claim requires the petitioner to present his claim to the state's highest court, *i.e.*, the Supreme Court of Ohio. *O'Sullivan*, 526 U.S. at 848. Thus, Petitioner's second claim for relief in its entirety appears to be waived because Petitioner failed to include it in his direct appeal to the Supreme Court of Ohio.

When a petitioner fails to fairly present a constitutional claim, federal review of that claim is not available unless the petitioner can demonstrate either cause and prejudice to excuse the default or that a fundamental miscarriage of justice will result if the claims are not reviewed. Petitioner makes none of these arguments in his Petition (Doc. 5) or Reply (Doc. 20). That being so, Petitioner's second claim for relief should be **DENIED** as procedurally barred.

---

*Bagley*, 604 F. Supp. 2d 1003, 1013 (S.D. Ohio 2009), the Court declines to do so here.

## C.  Ground Three -- Speedy Trial, Equal Protection, Fundamental Fairness

In his third ground for relief, Petitioner first repeats his claims that he was pulled over without probable cause and that he was not offered all three field sobriety tests. He then argues that the state violated his right to a speedy trial when it indicted him three different times. (Doc. 5, at 150). He also argues that the state failed to exercise reasonable diligence to secure his availability for trial. (*Id*., at 151). Petitioner then complains that, after his case was remanded because of the lack of a final appealable order, Petitioner was not permitted to re-file his original appellate brief. (*Id*.). Finally, Petitioner again challenges the adequacy of the evidence offered to prove his prior OVI convictions.

Respondent argues that the speedy trial component of Petitioner's claim is barred by procedural default because Petitioner failed to present the claim to any state court and now no longer can. (Doc. 15, at 785-86). In the alternative, Respondent addresses each component of claim three and argues they are not cognizable in habeas corpus or are otherwise without merit. (Id., at 795-801). Because the Court agrees that this claim is procedurally barred, the Court need not address the merits of the claim.[5]

Petitioner's claim alleging a violation of his right to a speedy trial and challenging the issuing of three different times appears on the face of the record and should have been raised on direct appeal to the both the court of appeals and the Supreme Court of Ohio. It is immaterial that

---

[5]   At base, Petitioner's third ground for relief raises a speedy trial claim and a claim challenging the issuance of three different indictments. He includes several allegations that have already been considered and rejected, to wit: arguments challenging whether there was probable cause for his traffic stop, the fact that he was not afforded three different field sobriety tests, and the adequacy of the evidence of his prior OVI convictions. The Court will not revisit them here. And to the extent that Petitioner might be trying to challenge the fact that he was not permitted to re-file his original appellate brief, the Court rejects that claim as procedurally barred, since it was

21

Petitioner included his speedy trial claim in his initial direct appeal, which was dismissed when the case was remanded due to the trial court's failure to issue a final appealable order. Petitioner did *not* include it in his direct appeal from the corrected judgment. As noted earlier, Petitioner has offered no cause-and-prejudice or fundamental-miscarriage-of-justice arguments to his failure to raise his on-the-record claims through the direct appeal process. Accordingly, Petitioner's third ground for relief must be **DENIED** as procedurally barred.

## Motion to Expand the Record

Petitioner asks this Court to expand the record in this proceeding to include paper copies of the documents that were admitted at trial to prove Petitioner's prior OVI convictions. (Doc. 18, at 808-09). Petitioner argues that the documents are necessary to demonstrate that they were invalid and that, accordingly, Petitioner's sufficiency of the evidence claim is meritorious.

Respondent opposes the motion, asserting that "[b]ecause the state appellate court summarized these exhibits, and Petitioner does not dispute the summaries[.]" (Doc. 19, at 811).

For the following reasons, Petitioner's motion is **DENIED**. The Court finds no basis for granting Petitioner's motion—even under the relatively lenient standard governing motions to expand.

Rules 7 of the Rules Governing Section 2254 Cases "permits federal habeas corpus courts to direct the parties to supplement the state court record with materials relevant to the Court's resolution of the petition." *Lynch v. Hudson*, No. 2:07-cv-948, 2010 WL 2076925, at *2 (S.D. Ohio May 24, 2010). Here, Petitioner asserts that paper copies of the exhibits that were admitted at trial to prove his prior OVI convictions are necessary to prove that the exhibits were

---

never raised.

invalid and that the OVI convictions were not supported by sufficient evidence. But paper copies of those exhibits lack relevance to the Court's resolution of Petitioner's claim because it is not this Court's place to determine the validity of those documents. This Court's conclusion that the state appellate court's decision rejecting Petitioner's sufficiency of the evidence claim was not unreasonable under 28 U.S.C. § 2254(d) forecloses any basis for this Court to assess the competency of the evidence admitted at trial to prove Petitioner's prior OVI convictions. Petitioner's motion to expand the record (Doc. 18) is, therefore, **DENIED**.

### III. CONCLUSION

For the foregoing reasons, the undersigned concludes that Petitioner's claims should be **DENIED** and this Petition **DISMISSED with prejudice.**

### IT IS THEREFORE ORDERED:

Petitioner's Motion to Expand (Doc. 18) is **DENIED**.

### IT IS THEREFORE RECOMMENDED:

1. The Petition be **DENIED** with prejudice for the reasons that ground one cannot sustain habeas corpus relief under 28 U.S.C. § 2254 and that grounds two and three are barred by procedural default.

2. A certificate of appealability be **DENIED**. *Moody v. U.S.*, 958 F.3d 485, 488 (6th Cir. 2020); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

3. The Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and therefore **DENY** Petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, of the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.


_/s/ Chelsey M. Vascura_____
CHELSEY M. VASCURA
United States Magistrate Judge